## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------------x

In re

MOLYCORP, INC., *et al.*,[1]

       Debtors.

-------------------------------------------------------------x

: Chapter 11
:
: Case No. 15-11357 (CSS)
:
:
:
:

## STATEMENT OF FINANCIAL AFFAIRS
## MOLYCORP RARE METALS (UTAH), INC.
## (CASE NO. 15-11373 (CSS))

---

[1] The Debtors are the following 21 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Molycorp, Inc. (1797); Industrial Minerals, LLC; Magnequench, Inc. (1833); Magnequench International, Inc. (7801); Magnequench Limited; Molycorp Advanced Water Technologies, LLC (1628); MCP Callco ULC; MCP Canada Holdings ULC; MCP Canada Limited Partnership; MCP Exchangeco Inc.; Molycorp Chemicals & Oxides, Inc. (8647); Molycorp Luxembourg Holdings S.à r.l.; Molycorp Metals & Alloys, Inc. (9242); Molycorp Minerals Canada ULC; Molycorp Minerals, LLC (4170); Molycorp Rare Metals Holdings, Inc. (4615); Molycorp Rare Metals (Utah), Inc. (7445); Neo International Corp.; PP IV Mountain Pass, Inc. (1205); PP IV Mountain Pass II, Inc. (5361); RCF IV Speedwagon Inc. (0845). Molycorp's United States headquarters is located at 5619 DTC Parkway, Suite 1000, Greenwood Village, Colorado, 80111.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
                                          :
In re                                     :  Chapter 11
                                          :
MOLYCORP, INC., et al.,[1]                :  Case No. 15-11357 (CSS)
                                          :
          Debtors.                        :  (Jointly Administered)
                                          :
-------------------------------------------------------------x
```

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Molycorp, Inc. (Case No. 15-11357 (CSS)) ("Molycorp" or the "Company") and twenty of its direct and indirect subsidiaries (together with Molycorp, the "Debtors") submit their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

On June 25, 2015 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). By order of the Bankruptcy Court, the Debtors' cases have been consolidated for procedural purposes only and administered jointly. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Schedules and Statements were prepared by the Debtors' management and are unaudited. While those members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and

---

[1]    The Debtors are the following 21 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Molycorp, Inc. (1797); Industrial Minerals, LLC; Magnequench, Inc. (1833); Magnequench International, Inc. (7801); Magnequench Limited; Molycorp Advanced Water Technologies, LLC (1628); MCP Callco ULC; MCP Canada Holdings ULC; MCP Canada Limited Partnership; MCP Exchangeco Inc.; Molycorp Chemicals & Oxides, Inc. (8647); Molycorp Luxembourg Holdings S.à r.l.; Molycorp Metals & Alloys, Inc. (9242); Molycorp Minerals Canada ULC; Molycorp Minerals, LLC (4170); Molycorp Rare Metals Holdings, Inc. (4615); Molycorp Rare Metals (Utah), Inc. (7445); Neo International Corp.; PP IV Mountain Pass, Inc. (1205); PP IV Mountain Pass II, Inc. (5361); RCF IV Speedwagon Inc. (0845). Molycorp's United States headquarters is located at 5619 DTC Parkway, Suite 1000, Greenwood Village, Colorado 80111.

Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors or omissions may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements.  Accordingly, the Debtors reserve their right to amend and/or supplement their Schedules and Statements from time to time as may be necessary or appropriate and they will do so as information becomes available.

These Global Notes and Statement of Limitations, Methodology and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

## General Comments

**Global Notes Control.**  In the event that the Schedules and Statements differ from the Global Notes, the Global Notes will control.

**Reservation of Rights.**  The Debtors reserve the right to dispute, or to assert setoff or other defenses to, any claim reflected in the Schedules and Statements as to amount, liability and classification. The Debtors also reserve all rights with respect to the values, amounts and characterizations of the assets and liabilities listed in their Schedules and Statements.

**Basis of Presentation.**  The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor.  For financial reporting purposes, Molycorp historically has prepared consolidated quarterly and annual financial statements, which included certain Debtors and non-Debtors.  These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors or various equity holders on an intermittent basis.

**Currency.**  Unless otherwise indicated, all amounts are reflected in United States dollars. Amounts listed in United States Dollars in the Schedules and Statements may reflect a currency conversion that was done in accordance with such Debtor's normal accounting practices in its books and records.

**Date of Valuations.**  Except as otherwise noted herein or in the Schedules and Statements, all liabilities are valued as of the Petition Date and all assets as of May 31, 2015.  The Schedules and Statements reflect the Debtors' best effort to allocate the assets, liabilities, receipts and expense to the appropriate Debtor entity "as of" such dates.  The Debtors have made a reasonable effort to allocate liabilities between the pre- and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and postpetition periods and amend the Schedules and Statements accordingly.

**Book Value.**  Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting

books and records. Therefore, unless otherwise noted, the Schedules are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values. In the time frame allotted, it would be cost prohibitive and unduly burdensome to obtain current market valuations of all the Debtors' property interests solely for purposes of the Schedules and Statements.

**Causes of Action.** The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Litigation.** The inclusion of any litigation action in these Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any litigation action or the amount of any potential claim that may result from any claims with respect to any litigation action and the amount and treatment of any potential claim resulting from any litigation action currently pending or that may arise in the future.

**Claims.** The Bankruptcy Court has authorized the Debtors to, among other things, (i) continue certain customer programs, (ii) pay certain prepetition sales, use and other taxes, (iii) pay certain prepetition lienholders and (iv) pay certain essential suppliers. The amounts set forth in the Schedules and Statements do not reflect payments authorized by the Bankruptcy Court as discussed above. The Bankruptcy Court has also authorized the Debtors to pay prepetition wages, salaries, employee benefits and other related obligations. The Debtors currently expect that most of the claims for prepetition wages, salaries and employee benefits either have been paid or will be paid in the ordinary course of business and, therefore, the Schedules and Statements do not include such employee claims.

The actual unpaid claims of the particular creditors described in the above paragraph that may be allowed in these chapter 11 cases may differ from the amounts set forth in the Schedules and Statements. Moreover, the Debtors have not attempted to reflect any alleged recoupments in the claims of utility companies or other parties holding prepetition deposits that may assert (or have asserted) a recoupment right.

Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to (i) assert setoff rights, cross-claims, counterclaims or defenses to, any claim reflected on the Schedules as to amount, liability or classification or (ii) otherwise to designate subsequently any claim as "disputed," "contingent" or "unliquidated."

**Employees.** The Debtors reserve their rights to (i) evaluate whether to modify or terminate any employee plan or program and (ii) modify or terminate, with respect to discretionary obligations, or seek to modify or terminate any such plans or programs. In the event that any employee plans or programs are modified or terminated, or sought to be modified or terminated, affected employees would receive by mail notice thereof, thereby allowing any such affected party to assert claims against the Debtors arising therefrom.

The Debtors have attempted to list each of their current employees' addresses as one of the Debtors' corporate addresses where reasonably possible to protect the privacy of the Debtors' employees. The Debtors have served and will continue to serve all necessary notices, including notice of the claims bar date, to the actual address of each of the Debtors' employees.

**Intercompany Payables/Receivables.** For purposes of these Schedules and Statements, the Debtors have reported intercompany payables and receivables on Schedules B-16 and F at book value as of the Petition Date. The Debtors reserve all rights to later change the characterization, classification, categorization or designation of intercompany accounts reported in the Schedules and Statements.

**OCM MLYCo CTB Ltd. Claims.** Pursuant to paragraphs H & I in the Final Order Pursuant to Sections 105, 361, 362, 363, 364 and 507 of the Bankruptcy Code (I) Authorizing Debtors to Obtain Superpriority Secured Debtor-In-Possession Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to the Prepetition Secured Parties; and (IV) Granting Related Relief [Docket No. 278] (the "Final DIP Order"), the Debtors have, among other things, stipulated to the allowance and amount of the Prepetition Oaktree Obligations (as defined in the Final DIP Order) which are identified on Schedule D or Schedule F of the Applicable Debtors, subject only to the stipulation clarifications set forth in paragraph 15 of the Final DIP Order and a timely Challenge (as defined in the Final DIP Order) by parties in interest, including without limitation the Committee (as defined in the Final DIP Order), having been made in accordance with paragraph 25 of the Final DIP Order. The amounts identified in the Schedules as due and owing to OCM MLYCo CTB Ltd. are the amounts calculated by the Debtors assuming no objection to the amount of the Prepetition Oaktree Obligations is ultimately successfully asserted by any party in interest in these chapter 11 cases.

The Debtors have not identified these claims as being disputed, contingent or unliquidated in their Schedules in light of the stipulations made in the Final DIP Order and the lack of any existing contested matter or adversary proceeding disputing or challenging the claims, but the Debtors scheduling of these claims in this manner in no way waives or modifies the rights reserved to the Debtors and other parties in interest under the Final DIP Order.

**Insiders**. Solely for purposes of the Schedules and Statements, the Debtors have treated the following individuals as "insiders": (a) directors of the Debtors and (b) ten other current employees of the Debtors that counsel to the Official Committee of Unsecured Creditors has suggested might fall within the definition of 'insiders,' subject to further review.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws or with respect to any theories of liability or for any other purpose. Further, the inclusion of a party as an "insider" is not an acknowledgment or concession that such party is an "insider" under applicable bankruptcy law and the Debtors reserve all rights with respect to the characterization of any person as an "insider" in these chapter 11 cases.

## Schedules

### Schedule A – Real Property

Owned real estate is reported at book value, net of accumulated depreciation.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  The Debtors reserve all of their rights to re-categorize and/or re-characterize their real and personal property assets to the extent the Debtors determine that they listed such assets incorrectly.

### Schedule B – Personal Property

Item 2 – Amounts in Checking, Savings or Other Financial Accounts.  Amounts listed in Schedule B2 reflect actual amounts in the respective accounts, rounded to the nearest thousand, as of June 26, 2015 and may vary from the amounts contained in the Debtors' books and records.

Item 9 – Interests in Insurance Policies.  The Company maintains certain insurance policies essential to its continued operations, including, but not limited to, workers' compensation, general liability, automobile liability, property damage, directors and officers liability, employment practices liability, commercial crime and fiduciary liability insurance policies.  The terms of the policies are similar to insurance policies typically maintained by corporate entities that are similar in size and nature to the Company.  The Company's insurance policies generally are structured to provide coverage for all of its direct and indirect subsidiaries and affiliates.  Additional information regarding the insurance policies listed on Schedule B9 is available in the *Motion of the Debtors for an Order Authorizing Them to Maintain Their Insurance Programs, Pay Certain Prepetition and Postpetition Obligations Associated Therewith and Renew Their Insurance Policies in the Ordinary Course of Business* [Docket No. 8].

Item 13 – Stock and Interests in Incorporated and Unincorporated Businesses.  Each Debtor's Schedule B includes its ownership interests, if any, in subsidiaries and partnerships directly controlled by the Debtors.

Item 16 – Accounts Receivable.  The Debtors have disclosed the net book value with respect to accounts receivable, which represents the amount of the accounts receivable netted against any "doubtful accounts." For purposes of Schedule B16, "doubtful accounts" are those accounts for which the Debtors believe they are unlikely to receive payment based upon the time such accounts have been outstanding.

Item 21 – Other Contingent and Unliquidated Claims of Every Nature, Including Tax Refunds, Counterclaims of the Debtors and Rights to Setoff Claims.  In the ordinary course of their business, the Debtors may have accrued, or may subsequently accrue, certain rights with respect to counter-claims, setoffs, customer and supplier refunds and potential warranty claims against their suppliers.  Additionally, the Debtors may be parties to existing or future litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims as a defendant. Because such claims are unknown or not quantifiable as of the Petition Date, they are not listed on Schedule B21.

## Schedule D – Creditors Holding Secured Claims

Except as has been otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim and to argue that such claims may be undersecured.

In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors.   No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged.

Except as specifically stated on Schedule D, real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D.   In addition, the Debtors have not have included on Schedule D all entities that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

## Schedule E – Creditors Holding Unsecured Priority Claims

Certain of the claims owing to various taxing authorities to which the Debtors may be liable may be subject to ongoing audits.  The Debtors reserve their right to amend the Schedules and later dispute or challenge whether claims owing to various taxing authorities or other creditors are entitled to priority, and the listing of any claim on Schedule E does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

## Schedule F – Creditors Holding Unsecured Nonpriority Claims

The Debtors have used their reasonable best efforts to report all general unsecured claims on Schedule F based upon the Debtors' existing books and records as of the Petition Date.  The claims of individual creditors for, among other items, products, goods or the providing of services are listed against each particular Debtor that was invoiced as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors.  The Debtors reserve all of their rights with respect to such credits and allowances including the right to assert objections and/or setoffs with respect to the claims listed on Schedule F.  Schedule F does not include certain deferred charges, deferred liabilities, accruals or general reserves.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made every effort to include the claims of any vendors that would appear on

the Debtors' open accounts payable, including vendors with an account that has an accrual or a receipt not invoiced.

The Claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  Determining the date that each claim listed in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive.  As such, Schedule F may not include the date that each claim arose or was incurred for every claim listed thereon.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding claims, even though those claims were incurred, or arose prior to, the Petition Date.  Schedule F does not reflect the Debtors' payment of certain claims pursuant to these orders.  The Debtors may pay additional claims listed on Schedule F during their chapter 11 cases pursuant to those and other orders of the Bankruptcy Court.  The Debtors reserve all of their rights to update Schedule F to reflect such payments.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease.

Additionally, Schedule F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

## Schedule G – Executory Contracts and Unexpired Leases

The businesses of the Debtors are complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary.  Furthermore, the Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on these Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.

The contracts, agreements and leases listed on Schedule G may have expired, may have been, or subsequently may be, rejected pursuant to an order of the Bankruptcy Court, or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein.  Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.  Certain of the executory agreements may not have been memorialized and could be subject to dispute.

Because many of the Debtors' purchase orders are short term and have been or will soon be fully performed, Schedule G does not include all purchase orders in existence as of the Petition Date. Additionally, the Debtors may be parties to various other agreements concerning real property,

such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements.  Such agreements, if any, are not set forth in Schedule G.

## Schedule H – Codebtors

The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

## Statements

Question 3b – Payments to Creditors.  The information provided lists payments made by a Debtor on behalf of itself or on behalf of another Debtor in accordance with routine business practices.  The Debtors have included payments made to payroll processors on behalf of employees; wage payments made by the payroll processors to employees are not included.

Question 4a – Suits and Administrative Proceedings, Executions, Garnishments and Attachments.  Information provided in question 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum.  In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that remain unsatisfied, the Debtors still may have identified such matter on Schedule F.  Additionally, any information contained in question 4a is not a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

Question 9 – Payments Related to Debt Counseling or Bankruptcy.  Information provided in question 9 includes only those payments made to professionals, beginning in March 2015, that provided services to the Debtors in preparation for these chapter 11 cases.  Most, but not all, of the payments relate to services in preparation of the Debtors' bankruptcy cases.  Payments made in connection with preparation of the Debtors' bankruptcy cases were made by Molycorp Minerals LLC on behalf of all of the Debtors, and record of such payments can be found on the Statement of Financial Affairs for Molycorp Minerals LLC.

Question 14 – Property Held for Another Person.  Information provided in question 14 does not include equipment that the Debtors hold pursuant to lease agreements to which a Debtor is a party.

Question 17 – Environmental Information.  The Debtors have conducted a thorough review of prepetition environmental matters.  Accordingly, the Debtors have provided the environmental information to the best of their ability based on information compiled for fiscal year ending December 31, 2014.  To the extent further investigation reveals additional or revised environmental information, the Debtors reserve their right to amend the Schedules and Statements as necessary and appropriate.

Question 19 – Books, Records and Financial Statements.

Question 19d:  From time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons. Recipients have included regulatory agencies, financial institutions, investment banks, customers, vendors, unions, debtholders and their legal and financial advisors.  Additionally, financial statements have been provided to other parties as requested.  Rather than provide an extensive list of financial statement recipients (a process that would prove onerous for the Debtors), the Debtors offer this Global Note.


***END OF GLOBAL NOTES***


**SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE**

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
### District of Delaware

In re    **Molycorp Rare Metals (Utah), Inc.**                        Case No.    **15-11373**
                                            Debtor(s)        Chapter    **11**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $5,991,383.15 | **Sales - 2015 (up until the Petition Date)** |
| $17,662,427.32 | **Sales - 2014** |
| $14,456,245.36 | **Sales - 2013** |

---

### 2. Income other than from employment or operation of business

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $996.10 | **Interest income and dividends - 2015 (up until the Petition Date)** |

B7 (Official Form 7) (04/13)
2

| | AMOUNT | SOURCE |
|---|---|---|
| | $2,611.38 | **Interest income and dividends - 2014** |
| | $5,007.87 | **Interest income and dividends - 2013** |

---

### 3. Payments to creditors

None ■

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **See SOFA 3b Attachment** | | **$889,711.36** | **$0.00** |

None ☐

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **See SOFA 3c Attachment** | | **$5,267,973.31** | **$0.00** |

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

### 5. Repossessions, foreclosures and returns

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 6. Assignments and receiverships

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

### 7. Gifts

None
☐

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |
| **Saun Juan High School**<br>**311 N Bronco Blvd**<br>**Blanding, UT 84511** | | **7/22/2014** | **Fourth of July Float  - $600** |

### 8. Losses

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

### 9. Payments related to debt counseling or bankruptcy

None
■

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
4

**10. Other transfers**

None
■  a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None
■  b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

**11. Closed financial accounts**

None
■  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12. Safe deposit boxes**

None
■  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**

None
■  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**

None
■  List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
5

### 15. Prior address of debtor

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                NAME USED                                DATES OF OCCUPANCY

### 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☐

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| **Molycorp Rare Metals (Utah), Inc. 1877 East Harris Lane Blanding, UT 84511** | **Utah Department of Environmental Quality P.O.Box 144840 Salt Lake City, UT 84114-4840** | **Apr 23, 2009 - July 29, 2014** | **Voluntary Cleanup Program** |

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

B7 (Official Form 7) (04/13)
6

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
☐ 

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Jayleen Torgerson**<br>**c/o Molycorp Rare Metal (Utah) Inc.**<br>**1877 East Harris Lane**<br>**Blanding, UT 84511** | **5/1/2014 to Present** |
| **Alastair Gilbert**<br>**c/o Molycorp Minerals Canada ULC**<br>**625 Neal Drive**<br>**Peterborough, ON K9J 6X7 Canada** | **11/16/2009 to Present** |
| **Tracy Moroney**<br>**c/o Molycorp MInerals Canada ULC**<br>**625 Neal Drive**<br>**Peterborough, ON K9J 6X7 Canada** | **5/28/2012 to Present** |
| **Pamela Lyman**<br>**c/o Molycorp Rare Metal (Utah) Inc.**<br>**1877 East Harris Lane**<br>**Blanding, UT 84511** | **8/29/2011 to 4/15/2014** |
| **Kyle Palmer**<br>**c/o Molycorp Rare Metal (Utah) Inc.**<br>**1877 East Harris Lane**<br>**Blanding, UT 84511** | **9/7/2011 to 11/22/2013** |

B7 (Official Form 7) (04/13)
7

| None ☐ | b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor. |
|---|---|

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **KPMG, LLP** | **333 Bay Street, Suite 4600**<br>**Bay Adelaide Centre**<br>**Toronto, Ontario M5H 2S5 Canada** | **Q3/2014-Current** |
| **Pricewaterhouse Coopers LLP** | **1900 16th St #1600**<br>**Denver, CO 80202** | **2010-Q2 2014** |

| None ☐ | c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain. |
|---|---|

| NAME | ADDRESS |
|---|---|
| **Molycorp Inc.** | **5619 DTC Pkwy., Ste. 1000**<br>**Greenwood Village, CO 80111** |

| None ☐ | d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case. |
|---|---|

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **See Global Notes** | |

## 20. Inventories

| None ☐ | a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory. |
|---|---|

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|
| **12/31/2013  - Warehouse** | **Andy Black** | **$6,259,479.00 - Cost** |
| **12/31/2014  - Warehouse** | **Andy Black** | **$5,441,206.00 - Cost** |

| None ☐ | b. List the name and address of the person having possession of the records of each of the inventories reported in a., above. |
|---|---|

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| **12/31/2013  - Warehouse** | **Andy Black**<br>**1877 East Harris Lane**<br>**Blanding, UT 84511** |
| **12/31/2014  - Warehouse** | **Andy Black**<br>**1877 East Harris Lane**<br>**Blanding, UT 84511** |

## 21 . Current Partners, Officers, Directors and Shareholders

| None ■ | a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership. |
|---|---|

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

B7 (Official Form 7) (04/13)
8

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **See SOFA 21b Attachment** | | |

### 22 . Former partners, officers, directors and shareholders

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 24. Tax Consolidation Group.

None ☐    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| **Molycorp, Inc.** | **27-2301797** |

### 25. Pension Funds.

None ■    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * * *

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

B7 (Official Form 7) (04/13)
9


I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.


Date  **August 20, 2015**                    Signature    **/s/ Michael Doolan**

                                                           **Michael Doolan**
                                                           **Chief Financial Officer and Treasurer**


[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]


*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

In re Molycorp Rare Metals (Utah), Inc.
Case No. 15-11373
SOFA 3b - Payments made to creditors within 90 days preceding commencement of this case

| Creditor Name | Address 1 | Address 2 | City | State | ZIP | Country | Dates of Payments | Amount Paid | USD/CAD |
|---|---|---|---|---|---|---|---|---|---|
| Advanced Chemical | 105 Bellows Street | | Warwick | RI | 02888 | | 4/30/2015 | $5,389.50 | USD |
| ALG Worldwide Logistics | 745 Dillon Drive | | Wood Dale | IL | 60191 | | 4/8/2015 | $3,090.00 | USD |
| ALG Worldwide Logistics | 745 Dillon Drive | | Wood Dale | IL | 60191 | | 5/8/2015 | $1,003.36 | USD |
| Altius Health Care Plans Inc | PO Box 6550 | | Carol Stream | IL | 60197-6550 | | 3/24/2015 | $13,824.98 | USD |
| Altius Health Care Plans Inc | PO Box 6550 | | Carol Stream | IL | 60197-6550 | | 4/30/2015 | $13,959.20 | USD |
| ASCENTIS - payroll | 155 Bovet Rd., Suite 100 | | San Mateo | CA | 94402 | | 3/27/2015 | $55,100.74 | USD |
| ASCENTIS - payroll | 155 Bovet Rd., Suite 100 | | San Mateo | CA | 94402 | | 4/10/2015 | $26,450.21 | USD |
| ASCENTIS - payroll | 155 Bovet Rd., Suite 100 | | San Mateo | CA | 94402 | | 4/24/2015 | $22,405.04 | USD |
| ASCENTIS - payroll | 155 Bovet Rd., Suite 100 | | San Mateo | CA | 94402 | | 5/8/2015 | $22,405.04 | USD |
| ASCENTIS - payroll | 155 Bovet Rd., Suite 100 | | San Mateo | CA | 94402 | | 5/22/2015 | $24,041.18 | USD |
| ASCENTIS - payroll | 155 Bovet Rd., Suite 100 | | San Mateo | CA | 94402 | | 6/5/2015 | $24,030.08 | USD |
| ASCENTIS - payroll | 155 Bovet Rd., Suite 100 | | San Mateo | CA | 94402 | | 6/19/2015 | $26,080.29 | USD |
| Bernie Reisner | 35 Stauber Drive | | Plainview | NY | 11803 | | 4/8/2015 | $1,163.25 | USD |
| Clean Harbour Environment Services | P.O. Box 3442 | | Boston | MA | 02241-3442 | | 6/9/2015 | $4,894.74 | USD |
| Culligan Water Conditioning | P.O. Box 65758 | | Salt Lake City | UT | 84165 | | 3/24/2015 | $64.12 | USD |
| Culligan Water Conditioning | P.O. Box 65758 | | Salt Lake City | UT | 84165 | | 4/8/2015 | $631.60 | USD |
| Culligan Water Conditioning | P.O. Box 65758 | | Salt Lake City | UT | 84165 | | 4/23/2015 | $418.63 | USD |
| Culligan Water Conditioning | P.O. Box 65758 | | Salt Lake City | UT | 84165 | | 5/21/2015 | $64.24 | USD |
| Culligan Water Conditioning | P.O. Box 65758 | | Salt Lake City | UT | 84165 | | 6/9/2015 | $64.24 | USD |
| Customs Border Protection | 1300 Pennsylvania Ave. NW | | Washington | DC | 20229 | | 4/1/2015 | $5,844.20 | USD |
| Customs Border Protection | 1300 Pennsylvania Ave. NW | | Washington | DC | 20229 | | 4/24/2015 | $14,422.50 | USD |
| Customs Border Protection | 1300 Pennsylvania Ave. NW | | Washington | DC | 20229 | | 5/5/2015 | $58.28 | USD |
| Customs Border Protection | 1300 Pennsylvania Ave. NW | | Washington | DC | 20229 | | 5/14/2015 | $6,940.40 | USD |
| Customs Border Protection | 1300 Pennsylvania Ave. NW | | Washington | DC | 20229 | | 5/22/2015 | $174.00 | USD |
| Customs Border Protection | 1300 Pennsylvania Ave. NW | | Washington | DC | 20229 | | 6/11/2015 | $120.63 | USD |
| Customs Border Protection | 1300 Pennsylvania Ave. NW | | Washington | DC | 20229 | | 6/17/2015 | $635.82 | USD |
| Delta Dental Insurance Company | PO Box 7564 | | San Francisco | CA | 94120-7564 | | 4/30/2015 | $1,421.70 | USD |
| Delta Dental Insurance Company | PO Box 7564 | | San Francisco | CA | 94120-7564 | | 5/21/2015 | $1,421.70 | USD |
| DLS Worldwide, Inc. | PO Box 932721 | | Cleveland | OH | 44193 | | 5/8/2015 | $160.00 | USD |
| DLS Worldwide, Inc. | PO Box 932721 | | Cleveland | OH | 44193 | | 6/9/2015 | $1,037.00 | USD |
| Fed Ex | P.O. Box 94515 | | Palatine | IL | 60094-4515 | | 3/24/2015 | $3,179.52 | USD |
| Fed Ex | P.O. Box 94515 | | Palatine | IL | 60094-4515 | | 4/23/2015 | $90.00 | USD |
| Federal Express | P.O. Box 7221 | | Pasadena | CA | 91109-7321 | | 4/8/2015 | $502.09 | USD |
| Federal Express | P.O. Box 7221 | | Pasadena | CA | 91109-7321 | | 5/8/2015 | $371.05 | USD |
| Finisar Advanced Optical Components | 600 Millenium Drive | | Allen | TX | 75013 | | 5/21/2015 | $1,446.05 | USD |
| FOCISTAR CO. LTD | NO.16, LN 10, FUZHONG 2ND STREET | | Clitun District Taichung | | 40766 | Taiwan | 5/21/2015 | $11,949.65 | USD |
| Four Corners Welding & Gas | P.O. Box 1779 | | Gallup | NM | 87305 | | 4/8/2015 | $366.35 | USD |
| Four Corners Welding & Gas | P.O. Box 1779 | | Gallup | NM | 87305 | | 5/8/2015 | $332.17 | USD |
| Four Corners Welding & Gas | P.O. Box 1779 | | Gallup | NM | 87305 | | 5/21/2015 | $25.00 | USD |
| Four Corners Welding & Gas | P.O. Box 1779 | | Gallup | NM | 87305 | | 6/9/2015 | $298.04 | USD |
| Franklin Engineering | 7301 W 25th Street, Unit 115 | | North Riverside | IL | 60546 | | 5/12/2015 | $21,604.50 | USD |
| Frontier | P.O. Box 20550 | | Rochester | NY | 14602-0550 | | 3/24/2015 | $366.78 | USD |
| Frontier | P.O. Box 20550 | | Rochester | NY | 14602-0550 | | 4/23/2015 | $365.72 | USD |
| Frontier | P.O. Box 20550 | | Rochester | NY | 14602-0550 | | 5/21/2015 | $358.64 | USD |
| Gannon & Scott | 33 Kennedy Drive | | Cranston | RI | 02920 | | 4/23/2015 | $4,694.55 | USD |
| Graphitestore.com Inc. | 160-A Lexington Drive | | Buffalo Grove | IL | 60089 | | 4/6/2015 | $6,133.25 | USD |
| Graphitestore.com Inc. | 160-A Lexington Drive | | Buffalo Grove | IL | 60089 | | 5/8/2015 | $6,133.25 | USD |
| Great West Life | 8525 E Orchard Rd | | Greenwood Village | CO | 80111 | | 3/30/2015 | $4,746.84 | USD |
| Great West Life | 8525 E Orchard Rd | | Greenwood Village | CO | 80111 | | 4/13/2015 | $2,351.68 | USD |
| Great West Life | 8525 E Orchard Rd | | Greenwood Village | CO | 80111 | | 4/27/2015 | $2,374.32 | USD |
| Great West Life | 8525 E Orchard Rd | | Greenwood Village | CO | 80111 | | 5/11/2015 | $2,374.32 | USD |
| Great West Life | 8525 E Orchard Rd | | Greenwood Village | CO | 80111 | | 5/26/2015 | $2,500.19 | USD |
| Great West Life | 8525 E Orchard Rd | | Greenwood Village | CO | 80111 | | 6/8/2015 | $2,500.19 | USD |
| Great West Life | 8525 E Orchard Rd | | Greenwood Village | CO | 80111 | | 6/22/2015 | $2,500.19 | USD |
| Guangxi Debao Gallium Co., Ltd. | Debao, Guangxi | | | | | China | 4/9/2015 | $8,457.75 | USD |
| Guangxi Debao Gallium Co., Ltd. | Debao, Guangxi | | | | | China | 6/9/2015 | $1,820.51 | USD |
| Hal Palmer | c/o Molycorp Rare Metals (Utah), Inc. | 1877 East Harris Lane | Blanding | UT | 84511 | | 4/8/2015 | $2,791.33 | USD |
| Hal Palmer | c/o Molycorp Rare Metals (Utah), Inc. | 1877 East Harris Lane | Blanding | UT | 84511 | | 5/8/2015 | $4,593.04 | USD |
| Hal Palmer | c/o Molycorp Rare Metals (Utah), Inc. | 1877 East Harris Lane | Blanding | UT | 84511 | | 6/15/2015 | $5,574.57 | USD |
| Harbison-Walker Refractories Company | 24074 Netwrok Place | | Chicago | IL | 60673-1240 | | 3/24/2015 | $1,157.15 | USD |
| Honeywell Sensing and Control | 830 East Arapaho Rd. | | Richardson | TX | 75081 | | 6/9/2015 | $6,000.30 | USD |
| IQE KC, LLC | 200 John Hancock Road | | Taunton | MA | 02780 | | 6/9/2015 | $31,606.03 | USD |
| IQE PA | 119 Technology Drive | | Bethlehem | PA | 18015 | | 6/9/2015 | $23,709.75 | USD |
| Jeremy Jex | c/o Molycorp, Inc. | 5619 DTC Parkway Ste 1000 | Greenwood Village | CO | 80111 | | 4/8/2015 | $837.89 | USD |
| KPMG LLP | 333 Bay Street, Suite 4600 | | Toronto | ON | M5H 2S5 | Canada | 4/29/2015 | $4,090.67 | USD |
| Matheson Tri-Gas | P.O. Box 845502 | | Dallas | TX | 75284-5502 | | 6/9/2015 | $2,493.73 | USD |
| McMaster-Carr | P.O. Box 7690 | | Chicago | IL | 60680-7690 | | 4/8/2015 | $397.25 | USD |
| McMaster-Carr | P.O. Box 7690 | | Chicago | IL | 60680-7690 | | 4/23/2015 | $615.62 | USD |
| McMaster-Carr | P.O. Box 7690 | | Chicago | IL | 60680-7690 | | 5/21/2015 | $241.41 | USD |
| McMaster-Carr | P.O. Box 7690 | | Chicago | IL | 60680-7690 | | 6/9/2015 | $341.59 | USD |
| MiaSole Hi-Tech Corp. | 2590 Walsh Avenue | | Santa Clara | CA | 95051 | | 6/12/2015 | $88,500.00 | USD |
| National Benefit Services LLC | P.O. Box 6980 | | West Jordan | UT | 84084 | | 4/7/2015 | $11,447.57 | USD |
| National Benefit Services LLC | P.O. Box 6980 | | West Jordan | UT | 84084 | | 4/8/2015 | $225.00 | USD |
| National Benefit Services LLC | P.O. Box 6980 | | West Jordan | UT | 84084 | | 5/5/2015 | $2,877.74 | USD |

In re Molycorp Rare Metals (Utah), Inc.
Case No. 15-11373
SOFA 3b - Payments made to creditors within 90 days preceding commencement of this case

| Creditor Name | Address 1 | Address 2 | City | State | ZIP | Country | Dates of Payments | Amount Paid | USD/CAD |
|---|---|---|---|---|---|---|---|---|---|
| National Benefit Services LLC | P.O. Box 6980 | | West Jordan | UT | 84084 | | 5/8/2015 | $75.00 | USD |
| National Benefit Services LLC | P.O. Box 6980 | | West Jordan | UT | 84084 | | 6/9/2015 | $75.00 | USD |
| National Research Council | 1200 Montreal Road - Bldg M-58 | Finance Branch | Ottawa | ON | K1A 0R6 | Canada | 4/6/2015 | $2,133.66 | USD |
| National Research Council | 1200 Montreal Road - Bldg M-58 | Finance Branch | Ottawa | ON | K1A 0R6 | Canada | 5/19/2015 | $1,425.38 | USD |
| National Research Council | 1200 Montreal Road - Bldg M-58 | Finance Branch | Ottawa | ON | K1A 0R6 | Canada | 6/15/2015 | $1,297.32 | USD |
| Old Dominion Freight Line, Inc (File 030989) | P.O. Box 742296 | | Los Angeles | CA | 90074-2296 | | 3/24/2015 | $7,775.82 | USD |
| Old Dominion Freight Line, Inc (File 030989) | P.O. Box 742296 | | Los Angeles | CA | 90074-2296 | | 4/8/2015 | $1,550.14 | USD |
| Old Dominion Freight Line, Inc (File 030989) | P.O. Box 742296 | | Los Angeles | CA | 90074-2296 | | 4/23/2015 | $479.10 | USD |
| Old Dominion Freight Line, Inc (File 030989) | P.O. Box 742296 | | Los Angeles | CA | 90074-2296 | | 5/8/2015 | $2,283.08 | USD |
| Old Dominion Freight Line, Inc (File 030989) | P.O. Box 742296 | | Los Angeles | CA | 90074-2296 | | 5/21/2015 | $1,144.49 | USD |
| Old Dominion Freight Line, Inc (File 030989) | P.O. Box 742296 | | Los Angeles | CA | 90074-2296 | | 6/9/2015 | $2,358.33 | USD |
| Packard Wholesale Co | 1500 Spanish Valley Drive, P.O. Box 185 | | Moab | UT | 84532 | | 3/24/2015 | $349.44 | USD |
| Packard Wholesale Co | 1500 Spanish Valley Drive, P.O. Box 185 | | Moab | UT | 84532 | | 4/8/2015 | $262.34 | USD |
| Packard Wholesale Co | 1500 Spanish Valley Drive, P.O. Box 185 | | Moab | UT | 84532 | | 4/23/2015 | $293.75 | USD |
| Packard Wholesale Co | 1500 Spanish Valley Drive, P.O. Box 185 | | Moab | UT | 84532 | | 5/21/2015 | $758.85 | USD |
| Parker Hannifin | 33 Defco Park Road | | North Haven | CT | 06473 | | 3/24/2015 | $15,261.75 | USD |
| Redd Mechanical | 1012 South 300 West | | Blanding | UT | 84511 | | 3/24/2015 | $2,145.00 | USD |
| Redd's True Value | 82 South Main Street | | Blanding | UT | 84511 | | 4/8/2015 | $594.84 | USD |
| Redd's True Value | 82 South Main Street | | Blanding | UT | 84511 | | 5/8/2015 | $691.59 | USD |
| Redd's True Value | 82 South Main Street | | Blanding | UT | 84511 | | 6/9/2015 | $363.13 | USD |
| RF Micro Devices | 7914 Piedmont Triad Parkway | | Greensboro | NC | 27409 | | 6/9/2015 | $7,124.42 | USD |
| Rocky Mountain Power | PO Box 260000 | | Portland | OR | 97256-0001 | | 4/8/2015 | $3,881.34 | USD |
| Rocky Mountain Power | PO Box 260000 | | Portland | OR | 97256-0001 | | 5/8/2015 | $3,694.59 | USD |
| Rocky Mountain Power | PO Box 260000 | | Portland | OR | 97256-0001 | | 6/9/2015 | $3,611.37 | USD |
| Rusal | 44 Esplanade | | St. Helier, Jersey | | JE4 9WG | Channel Islands | 4/16/2015 | $215,180.00 | USD |
| San Juan County Assessor | P.O. Box 787 | | Monticello | UT | 84535 | | 5/8/2015 | $5,338.28 | USD |
| Skyworks Solutions Inc | 20 Sylvan Road | | Woburn | MA | 01801 | | 3/24/2015 | $6,262.00 | USD |
| Skyworks Solutions Inc | 20 Sylvan Road | | Woburn | MA | 01801 | | 4/14/2015 | $3,754.54 | USD |
| State Tax | 210 North 1950 West | | Salt Lake City | UT | 84134 | | 4/16/2015 | $131.10 | USD |
| State Tax | 210 North 1950 West | | Salt Lake City | UT | 84134 | | 5/15/2015 | $487.56 | USD |
| Texas Technologies | P.O. Box 3878 | | Cedar Park | TX | 78630 | | 3/24/2015 | $1,883.33 | USD |
| Todd Hall | c/o Molycorp, Inc. | 5619 DTC Parkway Ste 1000 | Greenwood Village | CO | 80111 | | 3/24/2015 | $356.50 | USD |
| Todd Hall | c/o Molycorp, Inc. | 5619 DTC Parkway Ste 1000 | Greenwood Village | CO | 80111 | | 5/8/2015 | $224.25 | USD |
| Todd Hall | c/o Molycorp, Inc. | 5619 DTC Parkway Ste 1000 | Greenwood Village | CO | 80111 | | 6/9/2015 | $626.75 | USD |
| Triquint Semiconductor | 2300 NE Brookwood Parkway | | Hillsboro | OR | 97124 | | 4/23/2015 | $5,006.05 | USD |
| Triquint Semiconductor | 2300 NE Brookwood Parkway | | Hillsboro | OR | 97124 | | 5/5/2015 | $1,250.40 | USD |
| Triquint Semiconductor | 2300 NE Brookwood Parkway | | Hillsboro | OR | 97124 | | 6/9/2015 | $811.20 | USD |
| ULINE | PO Box 88741 | | Chicago | IL | 60680-1741 | | 4/23/2015 | $572.50 | USD |
| ULINE | PO Box 88741 | | Chicago | IL | 60680-1741 | | 6/9/2015 | $813.48 | USD |
| Univar USA Inc. | 13009 Collections Ctr Dr | | Chicago | IL | 60693 | | 5/8/2015 | $612.95 | USD |
| Univar USA Inc. | 13009 Collections Ctr Dr | | Chicago | IL | 60693 | | 6/17/2015 | $1,026.18 | USD |
| UPS | Lockbox 577 | | Carol Stream | IL | 60132-0577 | | 3/24/2015 | $703.01 | USD |
| UPS | Lockbox 577 | | Carol Stream | IL | 60132-0577 | | 4/8/2015 | $453.21 | USD |
| UPS | Lockbox 577 | | Carol Stream | IL | 60132-0577 | | 4/23/2015 | $521.96 | USD |
| UPS | Lockbox 577 | | Carol Stream | IL | 60132-0577 | | 5/8/2015 | $379.22 | USD |
| UPS | Lockbox 577 | | Carol Stream | IL | 60132-0577 | | 5/21/2015 | $323.33 | USD |
| UPS | Lockbox 577 | | Carol Stream | IL | 60132-0577 | | 6/9/2015 | $494.70 | USD |
| Verizon Wireless | P.O. Box 660108 | | Dallas | TX | 75266-0108 | | 3/24/2015 | $520.13 | USD |
| Verizon Wireless | P.O. Box 660108 | | Dallas | TX | 75266-0108 | | 4/23/2015 | $750.45 | USD |
| Verizon Wireless | P.O. Box 660108 | | Dallas | TX | 75266-0108 | | 5/21/2015 | $566.12 | USD |
| Zhuzhou Keneng New Material Co., Ltd. | RM. 1906, 19/F., Ginza, 2A | Sai Yeung Choi South Street, | Mongkok, Kowloon | | | Hong Kong | 6/9/2015 | $19,000.00 | USD |
| Zions Bank (Bankcard Centre) | P.O. Box 30833 | | Salt Lake City | UT | 84130-0833 | | 4/8/2015 | $2,745.18 | USD |
| Zions Bank (Bankcard Centre) | P.O. Box 30833 | | Salt Lake City | UT | 84130-0833 | | 4/30/2015 | $2,100.95 | USD |
| Zions Bank (Bankcard Centre) | P.O. Box 30833 | | Salt Lake City | UT | 84130-0833 | | 5/27/2015 | $4,526.26 | USD |
| | | | | | | | Total: | $889,711.36 | USD |

In re Molycorp Rare Metals (Utah), Inc.
Case No. 15-11373
SOFA 3c - Payments made within one year preceding commencement of this case to creditors who are or were insiders

| Creditor Name | Address 1 | Address 2 | City | State | Zip | Country | Relationship to Debtor | Purpose of Payment | Dates of Payments | Amount Paid | USD/CAD |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Atlantic Metals LLC | P.O. Box 589 | | Strafford | CT | 06615 | | Affiliate | | 10/16/2014 | $436,000.00 | USD |
| Atlantic Metals LLC | P.O. Box 589 | | Strafford | CT | 06615 | | Affiliate | | 12/9/2014 | $1,158.20 | USD |
| Magnequench International Inc. | 237 S Pendleton Avenue | | Pendleton | IN | 46064 | | Affiliate | | 6/10/2014 | $598.66 | USD |
| Magnequench International Inc. | 237 S Pendleton Avenue | | Pendleton | IN | 46064 | | Affiliate | | 6/24/2014 | $474.71 | USD |
| Magnequench International Inc. | 237 S Pendleton Avenue | | Pendleton | IN | 46064 | | Affiliate | | 7/10/2014 | $474.71 | USD |
| Magnequench International Inc. | 237 S Pendleton Avenue | | Pendleton | IN | 46064 | | Affiliate | | 8/11/2014 | $443.12 | USD |
| Magnequench International Inc. | 237 S Pendleton Avenue | | Pendleton | IN | 46064 | | Affiliate | | 9/5/2014 | $443.12 | USD |
| Magnequench International Inc. | 237 S Pendleton Avenue | | Pendleton | IN | 46064 | | Affiliate | | 10/9/2014 | $442.96 | USD |
| Magnequench International Inc. | 237 S Pendleton Avenue | | Pendleton | IN | 46064 | | Affiliate | | 1/12/2015 | $2,750.56 | USD |
| Magnequench International Inc. | 237 S Pendleton Avenue | | Pendleton | IN | 46064 | | Affiliate | | 2/9/2015 | $2,185.97 | USD |
| Magnequench International Inc. | 237 S Pendleton Avenue | | Pendleton | IN | 46064 | | Affiliate | | 3/9/2015 | $1,868.25 | USD |
| Magnequench International Inc. | 237 S Pendleton Avenue | | Pendleton | IN | 46064 | | Affiliate | | 4/8/2015 | $2,189.57 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 6/25/2014 | $289,570.58 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 7/8/2014 | $50,000.00 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 7/10/2014 | $65,013.00 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 7/24/2014 | $373,363.46 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 8/5/2014 | $99,901.64 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 8/25/2014 | $50,000.00 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 8/26/2014 | $124,018.00 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 9/4/2015 | $200,790.86 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 9/22/2014 | $199,810.00 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 10/9/2014 | $275,822.60 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 10/16/2014 | $258,677.20 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 10/29/2014 | $156,156.60 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 11/14/2014 | $187,417.54 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 12/1/2014 | $264,120.00 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 12/17/2014 | $292,280.43 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 1/15/2015 | $161,622.22 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 2/11/2015 | $402,147.93 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 4/14/2015 | $383,154.29 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 5/5/2015 | $102,194.70 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 5/28/2015 | $308,021.95 | USD |
| Molycorp Minerals Canada ULC | 121 King St. W, Suite 1740 | | Toronto | ON | M5H 3T9 | Canada | Affiliate | | 6/15/2015 | $38,010.00 | USD |
| Molycorp Minerals LLC | 67750 Bailey Road HC1 Box 224 | | Mountain Pass | CA | 92366 | | Affiliate | | 6/10/2015 | $200,000.00 | USD |
| Molycorp Rare Metals Oklahoma | P.O. Box 67 | | Quapaw | OK | 74363 | | Affiliate | | 8/25/2014 | $15,400.00 | USD |
| Molycorp Rare Metals Oklahoma | P.O. Box 67 | | Quapaw | OK | 74363 | | Affiliate | | 11/24/2014 | $15,400.00 | USD |
| Molycorp Rare Metals Oklahoma | P.O. Box 67 | | Quapaw | OK | 74363 | | Affiliate | | 12/16/2014 | $19,250.00 | USD |
| Molycorp Rare Metals Oklahoma | P.O. Box 67 | | Quapaw | OK | 74363 | | Affiliate | | 12/22/2014 | $3,850.00 | USD |
| Molycorp Rare Metals Oklahoma | P.O. Box 67 | | Quapaw | OK | 74363 | | Affiliate | | 1/23/2015 | $15,400.00 | USD |
| Molycorp Rare Metals Oklahoma | P.O. Box 67 | | Quapaw | OK | 74363 | | Affiliate | | 2/23/2015 | $34,650.00 | USD |
| Molycorp Inc. | 5619 DTC Pkwy., Ste. 1000 | | Greenwood Village | CO | 80111 | | Affiliate | | 7/10/2014 | $2,175.41 | USD |
| Molycorp Inc. | 5619 DTC Pkwy., Ste. 1000 | | Greenwood Village | CO | 80111 | | Affiliate | | 8/11/2014 | $1,069.90 | USD |
| Molycorp Inc. | 5619 DTC Pkwy., Ste. 1000 | | Greenwood Village | CO | 80111 | | Affiliate | | 10/24/2014 | $2,311.07 | USD |
| Molycorp Inc. | 5619 DTC Pkwy., Ste. 1000 | | Greenwood Village | CO | 80111 | | Affiliate | | 12/22/2014 | $1,489.30 | USD |
| Molycorp Inc. | 5619 DTC Pkwy., Ste. 1000 | | Greenwood Village | CO | 80111 | | Affiliate | | 1/23/2015 | $756.87 | USD |
| Molycorp Inc. | 5619 DTC Pkwy., Ste. 1000 | | Greenwood Village | CO | 80111 | | Affiliate | | 2/23/2015 | $756.85 | USD |
| Molycorp Inc. | 5619 DTC Pkwy., Ste. 1000 | | Greenwood Village | CO | 80111 | | Affiliate | | 4/23/2015 | $1,440.48 | USD |
| Shanxi JiaHua Galaxy Electronic Materials, Ltd. | No. 9 Road | Shanxi Aluminum Plant | Qinjian Hejin City, Shanxi Province | | | China | Affiliate | | 6/12/2015 | $223,000.00 | USD |
| | | | | | | | | | Total: | $5,267,973.31 | USD |

In re Molycorp Rare Metals (Utah), Inc.

Case No. 15-11373

SOFA 21b - Current Partners, Officers, Directors and Shareholders, corporation

| Name | Address1 | Address2 | City | State | Zip | Country | Title | Nature and Percentage of Stock Ownership |
|------|----------|----------|------|-------|-----|---------|-------|------------------------------------------|
| Alexander D. Caldwell | c/o Molycorp Minerals Canada ULC | 121 King Street West, Suite 1740 | Toronto | ON | M5H 3T9 | Canada | Secretary | |
| Geoffrey R. Bedford | c/o Molycorp Minerals Canada ULC | 121 King Street West, Suite 1740 | Toronto | ON | M5H 3T9 | Canada | Director, President and CEO | |
| Kevin Morris | c/o Molycorp, Inc. | 5619 DTC Pkwy., Ste. 1000 | Greenwood Village | CO | 80111 | | VP | |
| Kevin W. Johnson | c/o Molycorp, Inc. | 5619 DTC Pkwy., Ste. 1000 | Greenwood Village | CO | 80111 | | Director, VP and General Counsel | |
| Michael F. Doolan | c/o Molycorp Minerals Canada ULC | 121 King Street West, Suite 1740 | Toronto | ON | M5H 3T9 | Canada | Director, CFO and Treasurer | |
| Molycorp Inc. | c/o Molycorp, Inc. | 5619 DTC Pkwy., Ste. 1000 | Greenwood Village | CO | 80111 | | Affiliate | Indirectly owns 100% outstanding shares of Molycorp Rare Metals (Utah) Inc. through Molycorp Luxembourg Holdings S.a.r.l. and Molycorp Rare Metals Holdings, Inc. |
| Molycorp Luxembourg Holdings S.a.r.l. | c/o Molycorp, Inc. | 121 King St W, Suite 1740 | Toronto | ON | M5H 3T9 | Canada | Affiliate | Indirectly owns 100% outstanding shares of Molycorp Rare Metals (Utah) Inc. through Molycorp Rare Metals Holdings, Inc. |
| Molycorp Rare Metals Holdings, Inc. | c/o Molycorp, Inc. | 121 King St W, Suite 1740 | Toronto | ON | M5H 3T9 | Canada | Parent | Owns 100% outstanding shares of Molycorp Rare Metals (Utah) Inc. |